Rosa, Plaintiff and Appellant, v. New York & Porto Rico Steamship Co., Defendant and Appellee.

Appeal from the District Court of Mayagüez in an Action for Damages.

No. 1377.—Decided March 23, 1916.

Damages—Evidence—Credibility of .Witness.—In an action for damages for injuries sustained by the plaintiff in falling through the hatchway into the hold of one of the ships belonging to the defendant company while working as an employee, the mere fact that the only witness called by defendant was the officer charged with keeping the hatches and strongbacks of the ship in good condition does not lead to the conclusion that he necessarily had to perjure himself and that his testimony could not be taken into account.

The facts are stated in the opinion.

*Mr. Luis Janer Landrón* for the appellant.

*Mr. Charles Hartzell* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Based clearly on section 1 of the Act of March 1, 1902, in relation to the liability of employers for injuries sustained by their employees while in their service, appellant Augusto Rosa brought an action against the New York & Porto Rico Steamship Company to recover a certain sum of money as an indemnity for injuries sustained by him in falling into the hold of one of its ships through one of the hatchways while he was working as an employee of the company with due care and diligence and without negligence on his part. According to the complaint the accident was due to the negligence of the defendant in having the hatches and strongbacks of the said hatchway insecure and worn-out and in not having repaired the said defect although it had positive knowledge of it in due time.

The case went to trial and the lower court rendered judgment dismissing the complaint on the ground that the evidence showed that the hatches and strongbacks were in good condition and the only reason alleged by the plaintiff in this appeal for reversal of the judgment is that the lower court

should not have given credit to the only witness who testified to that fact because his testimony was ambiguous, contrary to the natural order and logic of the facts, contradictory of itself and opposed to truth and logic. That witness, the only one called by the defendant, was Mr. Hudson, the first officer of the ship on the date when the accident occurred and at that time charged with seeing that all the mechanical parts of the ship were in perfect order, and after having reviewed his testimony carefully we cannot agree with the characterization made of it by the appellant. The mere fact that the said witness was charged with keeping the hatches and strongbacks of the ship in good condition does not lead to the conclusion that he necessarily had to perjure himself and that his testimony should not be taken into account; therefore the lower court committed no error in giving credit to his testimony and in basing thereon its judgment for the defendant.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.